UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MURRAY HALL, III,

                                        Plaintiff,

            v.                                                  9:17-CV-1069
                                                               (GTS/DEP)

ANTHONY ANNUCCI, et al.,

                                        Defendants.
_____

APPEARANCES:

MURRAY HALL, III
13-B-0113
Plaintiff, pro se
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051

GLENN T. SUDDABY
Chief United States District Judge

**DECISION AND ORDER**

I.    **INTRODUCTION**

        Plaintiff Murray Hall, III commenced this action by filing a pro se civil rights complaint

pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Religious Land Use and

Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, together with an application to

proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 7 ("IFP Application").[1]  By

_____

        [1]  This action was originally filed in the Eastern District of New York and was transferred to this District by
Order of United States District Judge Margo K. Brodie.  Dkt. No. 4.  After this action was transferred to this
District, plaintiff's initial application to proceed IFP was denied as incomplete and the action was administratively
closed.  Dkt. No. 6.  Plaintiff then timely and properly re-filed his IFP Application, and this action was re-opened.
Dkt. Nos. 7, 8.

Decision and Order of this Court filed December 15, 2017, plaintiff's IFP Application was granted but following review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court found that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted.  Dkt. No. 9 (the "December 2017 Order").  In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint.  *Id.*  Presently before this Court is plaintiff's amended complaint.  Dkt. No. 13 ("Am. Compl.").

## II.    DISCUSSION

### A.    The Complaint

In his original complaint, plaintiff asserted claims arising during his confinement in the custody of the Department of Corrections and Community Supervision ("DOCCS").  *See generally* Compl.[2]  Plaintiff alleged that he is a Muslim who at one or more unidentified times between January 15, 2013 and May 17, 2017 (the filing date of his complaint), had "been force[d] to eat non-Hala foods to survive, foods that violates [sic] [his] religious diet."  *Id.* at 4.  Plaintiff named the Department of Corrections and Community Supervision and Acting Commissioner of DOCCS Anthony J. Annucci as defendants.  *Id.* at 1, 3.

The complaint was liberally construed to allege that defendants interfered with plaintiff's right to freely exercise his religion in violation of his rights under § 3 of RLUIPA and the Free Exercise Clause of the First Amendment.  *See* December 2017 Order at 4.

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), this Court found that plaintiff failed to state a claim against any of the defendants.

---

[2] It was unclear from plaintiff's complaint where he was incarcerated at the times giving rise to his claims. All that was known from the complaint was that plaintiff had been incarcerated at Greene Correctional Facility since May 17, 2017.  Compl. at 2.

*See generally* December 2017 Order.  In light of his pro se status, plaintiff was granted an opportunity to submit an amended complaint if he wished to pursue this action.  *Id.* at 14-15.

### B.    Review of the Amended Complaint

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the December 2017 Order and it will not be restated in this Decision and Order.  *See* December 2017 Order at 2-3.

In the amended complaint, plaintiff names the following six defendants:  Anthony Annucci, Commissioner of DOCCS; Daniel Mortuscello, Deputy Commissioner for Administrative Services, DOCCS; Jeff McKoy, Deputy Commissioner for Program Services, DOCCS; Brandon Smith, Superintendent, Greene C.F.; Deacon Young, Chaplain, Greene C.F.; and John Doe, Cook, Greene C.F.  Am. Compl. at 1-2.  In addition to adding five new defendants, plaintiff has removed DOCCS as a defendant.  *See generally*, Am. Compl.

Plaintiff asserts allegations of wrongdoing that occurred while he was incarcerated at Greene C.F.  *See* Am. Compl. at 2.  The following facts are set forth as alleged by plaintiff in his amended complaint.

On November 28, 2016, at approximately 3:40 p.m., plaintiff "went to the Messhall to ask for a hala meal, . . . [and] was . . . told by [defendant] John Doe that the food provided did not violate[] the tenets of Islam."  Am. Compl. at 3.  Plaintiff "complained that if the Jewish inmates get Kosher meals, then the Muslim inmates should get Hala meals[] because the Fourteenth Amendment demand[s] it."  *Id.*  Plaintiff filed a grievance regarding the denial of hala meals to Muslim inmates, and stated in his grievance that the alternative meal offered to him is not hala.  *Id.* at 4.  Plaintiff "provided Quranic Evidence to Defendant's [sic] that

support plaintiff's cla[i]m that the alternative entree and meatless sauce do, in fact, violate[] the tenets of Islam." *Id.* at 3.  However, defendants, after being informed of this, failed to take corrective action. *Id.* at 3-4.  "Plaintiff was told by Superintendent [Smith] and I.G.R.C. Members that the grievance is Departmental in nature and is therefore beyond the purview of the facility grievance program." *Id.* at 4.

Plaintiff requests monetary damages and injunctive relief.  Am. Compl. at 4.  For a more complete statement of plaintiff's claims, refer to the amended complaint.

Construing the amended complaint liberally, plaintiff alleges that the defendants violated his religious rights under the First Amendment and RLUIPA, and denied him equal protection in violation of the Fourteenth Amendment.

### 1. RLUIPA Claims for Money Damages

RLUIPA does not authorize claims for monetary damages against state officers in either their official or individual capacities.  *Washington v. Gonyea*, 731 F.3d 143, 145-46 (2d Cir. 2013) (per curiam) (citing *Sossamon v. Texas*, 563 U.S. 277, 292-93 (2011)).  Thus, plaintiff's claims for monetary damages under RLUIPA are barred and those claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

### 2. Official Capacity Claims For Money Damages Under Section 1983

The Eleventh Amendment bars suits for damages against state officials acting in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (a claim for damages against state officials in their official capacity is considered to be a claim against the State and is therefore barred by the Eleventh Amendment); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993) ("To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled

to invoke the Eleventh Amendment immunity belonging to the state."); *Severino v. Negron*, 996 F.2d 1439, 1441 (2d Cir. 1993) ("[I]t is clear that the Eleventh Amendment does not permit suit [under Section 1983] for money damages against state officials in their official capacities.").

Accordingly, to the extent the amended complaint can be construed to assert claims for money damages against any of the defendants in their official capacities under Section 1983, those claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

### 3. First Amendment Claims and RLUIPA Claims For Injunctive Relief

The First Amendment to the United States Constitution guarantees the right to free exercise of religion. *See* U.S. Const. amend. I; *Cutter v. Wilkinson*, 544 U.S. 709, 719, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005). As is true with regard to the First Amendment generally, the free exercise clause applies to prison inmates, subject to appropriate limiting factors. *See Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir.2003) (holding that "[p]risoners have long been understood to retain some measure of the constitutional protection afforded by the First Amendment's Free Exercise Clause" (citing *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974)).

RLUIPA also affords prison inmates certain protections relative to exercising their religious beliefs, and provides, in pertinent part, that

> [n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of a burden on that person-
>
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest.
>
> 42 U.S.C. § 2000cc–1(a).

5

"The right of prison inmates to exercise their religious beliefs, however, is not absolute or unbridled, but instead is subject to valid penological concerns, including those relating to institutional security." *Walker v. Fischer*, 10-CV-01431 (MAD/DEP), 2012 WL 1029614, at *6 (N.D.N.Y. Mar. 26, 2012) (citing, *inter alia*, *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987)). "Ordinarily, the Eighth Amendment establishes as a constitutional minimum the requirement that inmates be provided with nutritionally adequate meals; provided this threshold is met, prison officials otherwise retain considerable discretion in determining dietary constituents." *Walker*, 2012 WL 1029614, at *6 (citing *Word v. Croce*, 169 F.Supp.2d 219, 226 (S.D.N.Y.2001)). This requirement, however, is on occasion narrowed by the First Amendment's free exercise clause, which is broad enough to include an inmate's "clearly established" right "to a diet consistent with his or her religious scruples." *Ford*, 352 F.3d at 597; *see also Bass v. Coughlin*, 976 F.2d 98, 99 (2d Cir. 1992).

"To state a claim under the First Amendment or RLUIPA, an inmate 'must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs.'" *Simmons v. Robinson*, 07-cv-7383, 2011 WL 31066, at *5 (S.D.N.Y. Jan. 4, 2011) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 274-75 (2d Cir. 2006)). However, "'[a]ll that is required for a prison diet not to burden an inmate's free exercise of religion is the provision of a diet sufficient to sustain the prisoner's good health without violating [his religion's] dietary laws.'" *Simmons v. Robinson*, 07-CV-7383, 2010 WL 5538412, at *12 (S.D.N.Y. Jan. 28, 2010) (quoting *Abdul–Malik v. Goord*, 07-CV-4584, 1997 WL 83402, at *6 (S.D.N.Y. Feb. 27, 1997)), *adopted by* 2011 WL 31066, at *5 (S.D.N.Y. Jan. 4, 2011).

Liberally construed, the amended complaint alleges that DOCCS has implemented a policy that violates plaintiff's religious rights. More specifically, plaintiff alleges that "the

6

alternative entree and meatless sauce" meals offered to him, which DOCCS officials have indicated do not violate the tenets of Islam, "do, in fact, violate[] the tenets of Islam."  Am. Compl. at 3, 9.  Plaintiff cites several verses of the "Quran" in support of his claim.  *Id.* at 3.

At this early stage of the proceeding, and mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that a response is warranted from all defendants except defendant John Doe.  In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

With respect to defendant John Doe, plaintiff's First Amendment and RIUIPA claims are subject to dismissal because the meals at Greene C.F. are offered pursuant to DOCCS policy, *see* Dkt. No. 13 at 6, and the allegations in the amended complaint do not plausibly suggest that defendant John Doe was personally involved in creating this policy or deciding which meals to offer inmates.  Accordingly, plaintiff's First Amendment and RIUIPA claims against defendant John Doe are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 3.  Equal Protection Claims

The Equal Protection Clause requires that the government treat all similarly situated people alike.  *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Specifically, the Equal Protection Clause "bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if 'such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a

person.'"  *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980)).  To state a viable claim for denial of equal protection, a plaintiff generally must allege "purposeful discrimination . . . directed at an identifiable or suspect class."  *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995).  In the alternative, under a "class of one" theory, plaintiff must allege that he has been intentionally treated differently from others similarly situated, with no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *DeMuria v. Hawkes*, 328 F.3d 704, 706 (2d Cir. 2003).

In his amended complaint, plaintiff alleges that Muslim inmates such as himself are treated differently than Jewish inmates at Greene C.F. because Jewish inmates receive religious Kosher meals, and Muslim inmates do not receive hala meals.  Am. Compl. at 3.  At this early stage of the proceeding, and mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, the Court finds that a response is warranted from all defendants except defendant John Doe.  In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

With respect to defendant John Doe, plaintiff's equal protection claim is subject to dismissal because, as noted above, the meals at Greene C.F. are offered pursuant to DOCCS policy, and the allegations in the amended complaint do not plausibly suggest that defendant John Doe was personally involved in deciding which meals to offer inmates. Accordingly, plaintiff's Fourteenth Amendment equal protection claim against defendant John Doe is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 13), as modified, is accepted for filing and is the operative pleading in this action; and it is further

**ORDERED** that the Clerk is directed to add the following defendants to the docket: (1) Daniel Mortuscello, Deputy Commissioner for Administrative Services, DOCCS; (2) Jeff McKoy, Deputy Commissioner for Program Services, DOCCS; (3) Brandon Smith, Superintendent, Greene C.F.; (4) Deacon Young, Chaplain, Greene C.F.; and (5) John Doe, Cook, Greene C.F.; and it is further

**ORDERED** that (1) the claims for monetary damages pursuant to RLUIPA, and (2) the claims for monetary damages against the defendants in their official capacities under Section 1983 are **DISMISSED with prejudice**;[3] and it is further

**ORDERED** that all claims against defendant John Doe are **DISMISSED without prejudice** in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the remaining claims are accepted for filing and require a response; and it is further

**ORDERED** that defendants John Doe and the Department of Corrections and Community Supervision are **DISMISSED without prejudice** as defendants to this action; and it is further

---

[3] Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Pucci v. Brown*, 423 Fed. App'x 77, 78 (2d Cir. 2011). Amendment of these claims would be futile.

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon defendants Annucci, Mortuscello, McKoy, Smith, and Young. The Clerk shall forward a copy of the summons and amended complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to the amended complaint be filed by the defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. Plaintiff is required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; plaintiff's failure to do so may result in the dismissal of this action; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated:     April 4, 2018
           Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge